1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KIMBERLY SUE MANOR,                    No.  2:22-cv-0666 DB

12                Plaintiff,

13        v.                                ORDER

14   KILOLO KIJAKAZI, Acting
     Commissioner of Social Security[1],
15

16                Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2]

20   Plaintiff argues that the Administrative Law Judge failed to consider whether plaintiff met or

21   equaled Listing 11.02B and erroneously rejected plaintiff's testimony.  For the reasons explained

22   below, plaintiff's motion is granted, the decision of the Commissioner of Social Security

23   ("Commissioner") is reversed, and the matter is remanded for further proceedings.

24   ───────────────

25   [1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social
     Security and has, therefore, been substituted as the defendant.  See 42 U.S.C. § 405(g) (referring
26   to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the
     Commissioner shall, in his official capacity, be the proper defendant").

27
     [2]  Both parties have previously consented to Magistrate Judge jurisdiction over this action
28   pursuant to 28 U.S.C. § 636(c).  (See ECF No. 9.)

                                          1

**PROCEDURAL BACKGROUND**

In March of 2019, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on April 16, 2017.  (Transcript ("Tr.") at 28, 266-69.)  Plaintiff's alleged impairments included PTSD, persistent depressive disorder, migraines, vertigo, complex regional pain syndrome, osteoarthritis, collagenous colitis, and fibromyalgia.  (Id. at 322.)  Plaintiff's applications were denied initially, (id. at 157-62), and upon reconsideration.  (Id. at 171-77.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on February 19, 2021.  (Id. at 47-70.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 47-52.)  On March 29, 2021, the ALJ issued a decision finding that plaintiff was not disabled.  (Id. at 40.)  The ALJ entered the following findings:

> 1.  The claimant meets the insured status requirements of the Social Security Act through September 30, 2022.
>
> 2.  The claimant has not engaged in substantial gainful activity since April 16, 2017, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3.  The claimant has the following severe impairments: carpal tunnel syndrome; fibromyalgia; degenerative disc disease; status post-left foot crush injury with residuals; osteoarthritis of the bilateral knees; migraines; vertigo; persistent postural-perceptual dizziness (PPPD); collagenous colitis; depression; and post-traumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except can never climb ladders, ropes or scaffolds, can occasionally climb ramps and stairs, can occasionally balance, stoop, kneel, crouch, and crawl. The claimant should avoid all exposure to hazards, such as unprotected heights and moving machinery.  The claimant can use the left lower extremity for occasional

1      pushing/pulling and for the operation of foot controls. The claimant
2      can understand, remember and carry out simple work not on a
    production-based system.  The claimant can have occasional
3      interaction with the general public.  The claimant would need to use
    a cane for ambulation.

4      6.  The claimant is unable to perform any past relevant work (20 CFR
    404.1565 and 416.965).
5

6      7.  The claimant was born [in] 1972 and was 44 years old, which is
    defined as a younger individual age 18-44, on the alleged disability
    onset date.  The claimant subsequently changed age category to a
7      younger individual age 45-49 (20 CFR 404.1563 and 416.963).

8      8.  The claimant has at least a high school education and is able to
    communicate in English (20 CFR 404.1564 and 416.964).
9

10     9.  Transferability of job skills is not material to the determination of
    disability because using the Medical-Vocational Rules as a
    framework supports a finding that the claimant is "not disabled,"
11     whether or not the claimant has transferable job skills (See SSR 82-
    41 and 20 CFR Part 404, Subpart P, Appendix 2).
12

13     10.  Considering the claimant's age, education, work experience, and
    residual functional capacity, there are jobs that exist in significant
    numbers in the national economy that the claimant can perform (20
14     CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

15     11.  The claimant has not been under a disability, as defined in the
    Social Security Act, from April 16, 2017, through the date of this
16     decision (20 CFR 404.1520(g) and 416.920(g)).

17 (Id. at 30-40.)

18       On February 14, 2022, the Appeals Council denied plaintiff's request for review of the

19 ALJ's March 29, 2021 decision.  (Id. at 1-5.)  Plaintiff sought judicial review pursuant to 42

20 U.S.C. § 405(g) by filing the complaint in this action on April 14, 2022.  (ECF. No. 1.)

21                   **LEGAL STANDARD**

22       "The district court reviews the Commissioner's final decision for substantial evidence,

23 and the Commissioner's decision will be disturbed only if it is not supported by substantial

24 evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).

25 Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

26 support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.

27 Chater, 108 F.3d 978, 980 (9th Cir. 1997).

28 ////

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:   Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

////

////

////

////

4

**APPLICATION**

Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ erred by failing to consider Listing 11.02B; and (2) the ALJ improperly rejected plaintiff's testimony. (Pl.'s MSJ (ECF No. 14) at 5-15.[3])

**I.       Listing 11.02B**

At step three of the sequential evaluation, the ALJ must determine whether a claimant's impairment or impairments meet or equal one of the specific impairments set forth in the Listings. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The physical and mental conditions contained in the Listings are considered so severe that "they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs."  Lester, 81 F.3d at 828.  The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary."  Sullivan v. Zebley, 493 U.S. 521, 532 (1990); see also Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).  If a claimant shows that his impairments meet or equal a Listing, he will be found presumptively disabled.  20 C.F.R. §§ 404.1525-404.1526, 416.925-416.926.

The claimant bears the burden of establishing a prima facie case of disability under the Listings.  See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002).  To "meet" a listed impairment, the claimant must establish that his condition satisfies each element of the listed impairment.  See Zebley, 493 U.S. at 530; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, the claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to each element of the listed impairment.  Id.

"An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment."  Lewis, 236 F.3d at 512 (citing Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("We hold that, in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must

////

---

[3]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

explain adequately his evaluation of alternative tests and the combined effects of the impairments.")).

Moreover, an "ALJ must provide a discussion of the evidence and an explanation of reasoning for his conclusion sufficient to enable meaningful judicial review." Diaz v. Commissioner of Social Sec., 577 F.3d 500, 504 (3rd Cir. 2009) (quotation omitted); see also Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) ("The ALJ's decision regarding the applicability of Listing 1.04A is devoid of reasoning. . . .  This insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings.").

Here, the record included evidence that plaintiff received treatment at the University of San Francisco Medical Center for migraines from Neurologist Carrie Grouse.  (Tr. at 575-91.) On August 29, 2018, Dr. Grouse noted that plaintiff's "MRI brain is notable for multiple white matter changes" that looked "more consistent with migraine related changes."  (Id. at 579.)  On November 13, 2018, Dr. Grouse opined that "it would be reasonable for [plaintiff's] primary care provider to continue to treat her migraines," specifically by "increasing her nortiptyline dose, versus slowly increasing her gabapentin dosage[.]"  (Id. at 581.)  Treatment notes from April 14, 2021, reflect that plaintiff's migraines had worsened.[4]  (Id. at 16-19.)

Based on the evidence of record the ALJ found that plaintiff's migraines constituted a severe impairment.  (Id. at 30.)  Despite finding that plaintiff's migraines were a severe impairment, the ALJ failed to consider Listing 11.02B at step three.[5]  The ALJ's failure to discuss

---

[4] Although this treatment note is from one month after the ALJ's March 29, 2021 decision, it was submitted to the Appeals Council and considered by the Appeals Council.  (Tr. at 2.)  "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence."  Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1159-60 (9th Cir. 2012).

[5] "There is no specific listing for migraines.  According to SSA guidance, the analogous listing for evaluating migraines is 11.02."  Warrior v. Kijakazi, 583 F.Supp.3d 1191, 1203 (E.D. Wis. 2022); see also Social Security Ruling, SSR 19-4p; Titles II and Xvi: Evaluating Cases Involving Primary Headache Disorders, 2019 WL 4169635, at *7, ("there is no medical listing for migraines or headaches.  However, Listing 11.02 is the appropriate listing for an equivalence analysis").

1  Listing 11.02B at step three constituted clear error.  See KRISTINE W., v. COMMISSIONER,

2  SOCIAL SECURITY ADMINISTRATION, No. 6:22-cv-0358 HZ, 2023 WL 5665601, at *6 (D.

3  Or. Aug. 31, 2023) ("The ALJ erred by failing to discuss whether Plaintiff's migraines met or

4  equaled Listing 11.02B after finding migraines were a severe impairment."); Rader v.

5  Commissioner of Social Security, Case No. 2:17-cv-0131 CWD, 2018 WL 4087988, at *4 (D.

6  Idaho, Aug. 27, 2018) ("an ALJ's failure to specifically consider Listing 11.02 constitutes legal

7  error when a claimant's migraine headaches was found to be a severe impairment at step two").

8        Accordingly, the court finds that plaintiff is entitled to summary judgment with respect to

9  the claim that the ALJ erred at step three of the sequential evaluation.

10  **II.     Plaintiff's Testimony**

11        The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's

12  credibility as follows:

13
> To determine whether a claimant's testimony regarding subjective
14  pain or symptoms is credible, an ALJ must engage in a two-step
> analysis.  First, the ALJ must determine whether the claimant has
15  presented objective medical evidence of an underlying impairment
> which could reasonably be expected to produce the pain or other
> symptoms alleged.  The claimant, however, need not show that her
16  impairment could reasonably be expected to cause the severity of the
> symptom she has alleged; she need only show that it could
17  reasonably have caused some degree of the symptom.  Thus, the ALJ
> may not reject subjective symptom testimony . . . simply because
18  there is no showing that the impairment can reasonably produce the
> degree of symptom alleged.
19
> Second, if the claimant meets this first test, and there is no evidence
20  of malingering, the ALJ can reject the claimant's testimony about the
> severity of her symptoms only by offering specific, clear and
21  convincing reasons for doing so[.]

22  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

23  omitted).  "The clear and convincing standard is the most demanding required in Social Security

24  cases."  Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002).  "At

25  the same time, the ALJ is not required to believe every allegation of disabling pain, or else

26  disability benefits would be available for the asking[.]"  Molina v. Astrue, 674 F.3d 1104, 1112

27  (9th Cir. 2012).

28

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[6]  <u>Valentine v. Commissioner Social Sec. Admin.</u>, 574 F.3d 685, 693 (9th Cir. 2009) (quoting <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."  <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting <u>Light v. Soc. Sec. Admin.</u>, 119 F.3d 789, 792 (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing."  <u>Id.</u>

Here, the ALJ recounted plaintiff's testimony as follows:

> The claimant testified that she is unable to work because of vertigo from migraine, cognitive problems, foot problems, and memory issues.  She also testified to a past left foot crush injury and that it took several years to be able to walk on it.  The claimant testified that to pain that radiates through the leg and torso and affects other areas of the body and neurological problems. With regard to her vertigo, she testified that it is constant although some days are different and can worsen throughout the day.  The claimant described vertigo as the ground looking like it is on an incline, that every movement is exaggerated, that she feels like she is on a boat and cannot stabilize herself and feels like she is going to fall.  She testified that during those episodes, it is hard to visually focus on objects and reading. The claimant also testified to knee pain as well as pain in the lower back and neck and fibromyalgia.

(Tr. at 34.)

////

---

[6] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect.  "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness."  <u>Trevizo v. Berryhill</u>, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

1   The ALJ then found that plaintiff's medically determinable impairments could reasonably

2   be expected to cause the symptoms alleged, but that plaintiff's statements concerning the

3   intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with

4   the medical evidence and other evidence in the record for the reason explained in [the] decision."[7]

5   (Id.)  The ALJ then attempted to support this determination by relying on the assertion that

6   plaintiff's testimony "about the intensity, persistence, and limiting effects of his or her symptoms,

7   . . . are inconsistent because the medical evidence of record indicates that the severity of the

8   claimant's impairments in not to the degree alleged."  (Id.)  The ALJ then discussed the medical

9   evidence of record that the ALJ found failed to support plaintiff's testimony before concluding:

> The essentially mild-to-moderate findings upon objective testing of
> the claimant's spine and joints, improvement in her neurological
> conditions with vestibular therapy and acupuncture, and limited
> mental health findings indicates that the severity of the claimant's
> carpal tunnel syndrome, fibromyalgia, degenerative disc disease,
> status post-left foot crush injury with residuals, osteoarthritis of the
> bilateral knees, migraines, vertigo, PPPD, collagenous colitis;
> depression, and PTSD is not to the degree alleged.  Such conditions
> allow the claimant perform work at the sedentary exertional level
> with the above limitations.

16   (Id. at 36.)

17   However, "after a claimant produces objective medical evidence of an underlying

18   impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of

19   medical evidence to fully corroborate the alleged severity" of the symptoms.  Burch v. Barnhart,

20   400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir.

21   2010) ("Putz need not present objective medical evidence to demonstrate the severity of her

---

[7] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why."  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014).  "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC.  By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do."  Trevizo, 871 F.3d at 679 n.6.

1   fatigue."); Perez v. Astrue, 247 Fed. Appx. 931, 936 (9th Cir. 2007) ("That the degree of Perez's

2   subjective complaints were not corroborated by the objective clinical findings in the ALJ's view

3   was of no legal moment because pain is inherently an individual phenomenon."); Bunnell v.

4   Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability

5   simply because a claimant fails to produce medical evidence supporting the severity of the pain,

6   there would be no reason for an adjudicator to consider anything other than medical findings.").

7       Accordingly, the ALJ failed to offer a specific, clear, or convincing reason for rejecting

8   plaintiff's testimony.  Plaintiff, therefore, is also entitled to summary judgment on this claim.

9                                   **CONCLUSION**

10      After having found error, "'[t]he decision whether to remand a case for additional

11  evidence, or simply to award benefits[,] is within the discretion of the court.'"  Trevizo v.

12  Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232

13  (9th Cir. 1987)).  A case may be remanded under the "credit-as-true" rule for an award of benefits

14  where:

15          (1) the record has been fully developed and further administrative
            proceedings would serve no useful purpose; (2) the ALJ has failed to
16          provide legally sufficient reasons for rejecting evidence, whether
            claimant testimony or medical opinion; and (3) if the improperly
17          discredited evidence were credited as true, the ALJ would be
            required to find the claimant disabled on remand.
18

19  Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

20      Even where all the conditions for the "credit-as-true" rule are met, the court retains

21  "flexibility to remand for further proceedings when the record as a whole creates serious doubt as

22  to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at

23  1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court

24  concludes that further administrative proceedings would serve no useful purpose, it may not

25  remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,

26  775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is

27  uncertain and ambiguous, the proper approach is to remand the case to the agency.").

28  ////

1    Here, plaintiff argues that this matter should be remanded for an immediate award of

2    benefits.  (Pl.'s MSJ (ECF No. 14) at 15.)  Given the nature of the ALJ's errors, however, and the

3    newly submitted evidence, the court cannot say that further administrative proceedings would

4    serve no useful purpose.  This matter will, therefore, be remanded for further proceedings.

5    Accordingly, IT IS HEREBY ORDERED that:

6    1.  Plaintiff's motion for summary judgment (ECF No. 14) is granted;

7    2.  Defendant's cross-motion for summary judgment (ECF No. 19) is denied;

8    3.  The Commissioner's decision is reversed;

9    4.  This matter is remanded for further proceedings consistent with the order; and

10   5.  The Clerk of the Court shall enter judgment for plaintiff and close this case.

11   Dated:  September 8, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\manor0666.ord

11