UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY SUE MANOR, | No. 2:22-cv-00666-SCR |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for benefits under the Social Security Act. On September 8, 2023, Magistrate Judge Barnes granted Plaintiff's motion for summary judgment and entered judgment remanding this action to the Commissioner for further proceedings. ECF Nos. 20 & 21. On remand, Plaintiff was awarded past benefits of $95,190[1].

Now pending before the Court is Plaintiff's August 12, 2025 Motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), which seeks an award of $23,700. ECF No. 24. The Commissioner has filed a statement that he "neither supports nor opposes counsel's request

---

[1] Counsel avers that Plaintiff was awarded $95,190. ECF No. 24 at 16. The Notice of Award states that Plaintiff's past due benefits are $95,190 and that $23,797.50 is being withheld as a potential representative fee. ECF No. 24-3 at 3.

1

for attorney's fees." ECF No. 27 at 2. The Commissioner requests that the order direct Plaintiff's counsel to reimburse Plaintiff any fees previously received under the Equal Access to Justice Act (EAJA). *Id.* at 3. For the reasons set forth below, the Motion will be granted.

## I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, Plaintiff and her counsel entered into a contingent-fee agreement. ECF No. 24-1. Pursuant to that agreement Plaintiff's counsel now seeks attorney's fees in the amount of $23,700.00 which represents 24.9% of the retroactive disability benefits awarded to Plaintiff on remand. ECF No. 24 at 1.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "to protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (cleaned up).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. "[A] district court charged with determining a reasonable

fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht*, 535 U.S. at 793, 808).

In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). In determining whether a reduction in the fee is warranted, the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." *Id.* Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Crawford*, 586 F.3d at 1151-52 (citing *Gisbrecht*, 535 U.S. at 808); *see also*, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required"). Below, the Court will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

Here, Plaintiff's counsel states she is "experienced and well qualified" to handle social security litigation, even though she has only been practicing since 2022.[2] ECF No. 24 at 17. Counsel obtained a successful result for her client in this matter. There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. The Court finds that the $23,700 fee, which is just less than 25% of the amount paid in past-due benefits to Plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent Plaintiff on such terms. *See Crawford*, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases").

Counsel has submitted a billing statement in support of the requested fee. ECF No. 24-4.

---

[2] This may be a typographical error. The attached resume, which is not detailed, states counsel has been practicing in the social security field since 2002.

1  The statement reflects 2.1 hours of paralegal time, and 26 hours of attorney time. The Court finds
2  that the amount of time expended is reasonable. *See also Costa v. Commissioner*, 690 F.3d 1132,
3  1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range
4  most often requested and granted in social security cases."). The Court observes that the effective
5  hourly rate of $911/hour is in accord with recent awards in this District. *See Guzman Paz v.*
6  *Commissioner*, 2024 WL 4029592 (E.D. Cal. September 3, 2024) (effective hourly rate of $883);
7  *Garcia v. Commissioner*, 2024 WL 3968083 (E.D. Cal. August 28, 2024) (effective hourly rate of
8  $864). In *Crawford*, the Ninth Circuit found the fee awards in the three consolidated cases to be
9  reasonable, and the fee requests ranged from $11,500 to $24,000, and if divided by the hours
10 expended would have resulted in effective rates in the range of $500 to $900/hour. 586 F.3d at
11 1145-1147. Some courts have also approved higher effective rates. *See Roxsann D. A. v.*
12 *O'Malley,* 2024 WL 1136398 (C.D. Cal. Feb. 12, 2024) ("The Central District of California has
13 frequently found reasonable fees with effective hourly rates exceeding $1,000").
14    Accordingly, for the reasons stated above, the court concludes that the fees sought by
15 counsel pursuant to § 406(b) are reasonable.

## II.  OFFSET FOR EAJA FEES

17    An award of § 406(b) fees must be offset by any prior award of attorney's fees granted
18 under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff's attorney was
19 previously awarded $6,300.00 in EAJA fees. *See* ECF No. 23. Counsel therefore must remit that
20 amount to Plaintiff.
21    Accordingly, **IT IS HEREBY ORDERED** that:
22    1. Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 24), is
23 GRANTED;
24    2. Counsel for Plaintiff is awarded $23,700.00 in attorney's fees under § 406(b); the
25 Commissioner shall certify that amount to be paid to counsel from the funds previously withheld
26 for the payment of such fees; and
27 ////
28 ////

3. Counsel for Plaintiff is directed to remit to Plaintiff the amount of $6,300.00 for EAJA fees previously paid to counsel by the Commissioner.

SO ORDERED:

DATE: August 26, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE